---o---

No. 5951.

## ARTHUR VICKNAIR vs. LOUISIANA RAILWAY & NAVIGATION COMPANY.

### Syllabus.

It is not negligence *per se* in a railroad company to run a train, equipped with the proper appliances, on a dark foggy night

in the open country, at such a rate of speed that it is impossible to stop the train within the distance within which stock on the track may be discovered by the aid of the headlight.

Appeal from the 28th Judicial District Court, Parish of St. John the Baptist, No. 336. Hon. P. E. Edrington, Judge.

L. DePoorter and Robert J. Perkins, for plaintiff and appellee.

Foster, Milling, Brian & Saal, for defendant and appellant.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

Defendant railroad appeals from a judgment condemning it in damages for the loss of plaintiff's mule, which was run into and killed by its train.

There is no conflict in the testimony, and the essential facts established are the following:

The accident occurred at night when the train, which was properly manned and equipped, was traveling on the track in the open country at a rate between eighteen and twenty-five miles an hour, a rate of speed which rendered it impossible of its being stopped within a space of less than two hundred feet. Owing to the darkness and the density of the fog prevailing, it was impossible by the aid of the headlight to discern an object upon the track at a greater distance than fifteen or twenty feet, and it was at this distance that the mule was first discovered upon the tracks by the crew, which, though watchful and alert and prompt in sounding warning and applying the brakes, was unable to avoid the accident.

— 77 —

These facts undoubtedly overcome the presumption of negligence on defendant's part, established by Act 70 of 1886, unless, as plaintiff contends, the running of the train at such a rate of speed that it could not be stopped within the limited distance within which, owing to the darkness and dense fog prevailing, the mule could be discerned upon the track by the aid of the headlight, constitutes in itself actionable negligence under the circumstances.

The doctrine upon which plaintiff relies, namely, that it is negligence to operate a train, under these circumstances, at such a rate of speed that it cannot be stopped within the range of its headlight, is supported by the following cases:

> Central Railroad vs. Ingram, 98 Ala., 395.
> Memphis Railroad vs. Lyons, 62 Alt., 71.
> L. & N. Railroad vs. Gentry, 105 Ala., 354.
> Ala. Midland Ry. vs. McGee, 121 Ala., 280.
> L. & N. Railroad vs. Relton, 112 Ala., 533.
> Western Railway vs. Stone, 145 Ala., 663.
> Railways Co. vs. Payne, 145 Ala., 444.

The only other case cited by plaintiff is that of the **St. Louis & San Francisco Ry. Co. vs. Moore**, which relies solely upon the Alabama cases as its authority, and which moreover, has no present application, because it involves simply the question of the excessive speed of a train through a city in violation of a statute.

But, as pointed out in the foot notes to the **McGee case, supra,** and the **Moore case,** as reported respectively in **77 Am., St. Rep., 52,** and **39 L. R. A. (N. S.) 978,** this doctrine is recognized by the Alabama Court alone and does not prevail in other jurisdictions, the Courts of Mississippi, Tennessee, Rhode Island, Georgia, Texas and North Carolina declining to adopt it.

Not only is this true, but there are two cases, and perhaps more, in our reports which appear opposed to the doctrine.

Mire vs. Railroad, 105 La., 465.

Monogona vs. Railroad, 115 La., 597.

In the first case, which involves the killing of a dozen or more mules scattered along the track at different distances, the court denied recovery as to three of them because the speed of the train was such that it could not be stopped within the distance within which these mules could be first perceived by the crew.

And in the Monogona case, where the train could not be stopped after the mules suddenly appeared within the range of the headlight, the Court held that the speed of the train was not an element to be considered in the determination of defendant's liability. And the language of the Court in that case is applicable here:

"To have been able to have prevented the killing of the plaintiff's mule, would have required the train to have been moving at a speed so slow as would have made it utterly impossible for the company to have performed its duty to the public as a public agency."

We are satisfied that the defendant was free from negligence in the premises and should not have been condemned in damages by the trial court.

The judgment is accordingly reversed and set aside, and it is now ordered that plaintiff's suit be dismissed at his costs in both courts.

Reversed.

Opinion and decree, Dec. 22, 1913.